# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT E. MARTINEZ,<br><br>                                    Plaintiff,<br>    vs.<br><br>WELLS FARGO BANK, as Trustee for Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates Series 2006-AR1, NATIONAL DEFAULT SERVICING CORPORATION, JPMORGAN CHASE BANK, NA, EMC MORTGAGE CORPORATION, GREENPOINT MORTGAGE FUNDING, INC., DOES 1-50, inclusive,<br><br>                                  Defendants. | CASE NO. 12-cv-802-CAB (BGS)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[Doc. No. 29, 32] |

This matter comes before the court on plaintiff's motion for reconsideration. [Doc. No. 29.][1] Plaintiff asks the court to "revoke" its prior order granting defendants' motions to dismiss. [Doc. No. 27.] Defendants responded in opposition to plaintiff's motion for reconsideration, and plaintiff replied. [Doc. Nos. 33-36.] For the reasons set forth below, plaintiff's motion is denied.

---

[1] The court construes plaintiff's filing at docket entry 32, which he also labels a motion for reconsideration, a supplement to his initial motion.

- 1 -　　　　　　　　　　　　　　　　　　　　　12cv802

## BACKGROUND

The court included a detailed background section in its order granting defendants' motions to dismiss. [Doc. No. 27 at 1-4.] For ease of reference, a brief summary is provided here.

Plaintiff raises various challenges to the attempted nonjudicial foreclosure of his residence. Defendants are entities that either initiated the loan secured by plaintiff's residence or were later involved in the attempted nonjudicial foreclosure. Though plaintiff's complaint is at times unfocused, he specifies six causes of action: 1) "enforcement of borrowers [sic] covenant;" 2) violation of California Civil Code § 2934; 3) violation of California Civil Code § 2924; 4) violation of California Penal Code § 115.5; 5) unfair competition in violation of California Business and Professions Code § 17200; and 6) cancellation of instrument.

On August 2, 2013, the court granted defendants' motions to dismiss but allowed plaintiff leave to amend as to every claim except for his claim for violation of California Penal Code § 115.5.[2] [Doc. No. 27 at 13.] The court found that plaintiff failed to set forth specific factual allegations to support his assertion that defendant National Default Servicing Corporation ("NDSC") lacked authority to record the Notice of Default, that plaintiff lacked standing to challenge the securitization of his loan, and that a bankruptcy discharge of personal liability would not preclude a creditor's right to foreclose on a deed of trust.

## DISCUSSION

Plaintiff moves for reconsideration. In granting defendants' motions to dismiss, the court did not enter a final order of dismissal but rather afforded plaintiff leave to amend. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135-36 (9th Cir. 1997). A district court has inherent power rooted in the common law to reconsider or modify an interlocutory order for cause. *See City of Los Angeles, Harbor Div. v. Santa Monica*

---

[2] Plaintiff, in his motion for reconsideration, acknowledges that his Penal Code claim was properly dismissed with prejudice. [Doc. No. 29 at 9.]

*Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).  Here, however, plaintiff has not identified any clear error in the court's dismissal order or any other cause to support reversal or modification of the order.

Plaintiff first challenges the court's finding that "[t]he complaint lacks any specific factual allegation that defendant NDSC was not acting as an agent of the trustee or beneficiary when NDSC recorded the Notice of Default." [Order, Doc. No. 27 at 9.] Plaintiff references paragraph 54 of his complaint, in which he alleged:

> Plaintiff avers Defendants EMC and [NDSC] were not the Beneficiaries, Trustees, agents or authorized parties referenced in the "Contract," "Plaintiff's Loan" or *Registered* "Note".  Thus, Defendants had no authority to record [a Notice of Default] against Plaintiff.

[Doc. No. 29 at 5] (emphasis in original).  But this allegation is conclusory and thus insufficient to state a claim for wrongful foreclosure.  Rather, plaintiff must allege a specific factual basis to support his assertion that NDSC was not acting as an authorized agent for a trustee or beneficiary.  *See* Cal. Civ. Code § 2924(a)(1).  As noted in *Jenkins v. JP Morgan Chase Bank, N.A.*, if a debtor could bring a preemptive judicial action challenging whether the party initiating nonjudicial foreclosure is authorized to do so, without a "'*specific factual basis* for alleging that the foreclosure was not initiated by the correct party,' [this] would unnecessarily 'interject the courts into [the] comprehensive nonjudicial scheme' created by the Legislature, and 'would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy.'" *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 512, 156 Cal. Rptr. 3d 912, 925 (2013) (quoting *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154-56, 121 Cal. Rptr. 3d 819 (2011)). *See also Siliga v. Mortgage Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 82, 161 Cal. Rptr. 3d 500, 505 (2013).

Next, plaintiff challenges the court's holding that he lacked standing to challenge the securitization of his loan because he was neither a party to nor a third-party beneficiary of the security's Pooling and Servicing Agreement.  [Doc. No. 27 at 10.]

In its dismissal order, this court cited *Jenkins*, in which the California Court of Appeal for the Fourth District held that "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [the plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." *Jenkins*, 216 Cal. App. 4th at 515, 156 Cal. Rptr. 3d at 927.

Plaintiff argues however that an opinion of the California Court of Appeal for the Fifth District, *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 160 Cal. Rptr. 3d 449 (2013), issued after this court's dismissal order, supports reconsideration. *Glaski* held in part that a borrower has standing to pursue a wrongful foreclosure claim under the theory that an entity lacks authority to foreclose due to a defective transfer of the borrower's loan to a securitized trust. *Glaski*, 218 Cal. App. 4th at 1097, 160 Cal. Rptr. 3d at 463.

The majority of federal district courts in California have disagreed with *Glaski*'s holding as to a borrower's standing to challenge securitization and have instead continued to follow *Jenkins*, on which this court relied. *See*, *e.g.*, *Banares v. Wells Fargo Bank, N.A.*, C-13-4896 EMC, 2014 WL 985532, at *4-5 (N.D. Cal. Mar. 7, 2014); *Flores v. EMC Mortgage Co.*, CV F 14-0047 LJO GSA, 2014 WL 641097, at *6 (E.D. Cal. Feb. 18, 2014); *Covarrubias v. Fed. Home Loan Mortgage Corp.*, 12CV2775 WQH DHB, 2014 WL 311060, at *4-5 (S.D. Cal. Jan. 28, 2014); *Gates v. LPP Mortgage, Inc.*, CV 13-8737 DSF PLAX, 2013 WL 6978834, at *2 n.4 (C.D. Cal. Dec. 30, 2013). This court finds *Jenkins* and the majority approach more persuasive than *Glaski* and therefore adheres to its prior order. Plaintiff, who was neither a party to nor third-party beneficiary of the PSA, lacks standing to challenge the validity of the securitization of his loan. *Jenkins*, 216 Cal. App. 4th at 514-15, 156 Cal. Rptr. 3d at 927.

Finally, plaintiff raises for the first time an argument relating to his bankruptcy proceeding and the strong-arm powers of the bankruptcy trustee. But plaintiff does not

offer any justification as to why this argument could not have been raised previously in response to defendants' motions to dismiss.  Further, the authority on which plaintiff relies, *In re Deuel*, 594 F.3d 1073 (9th Cir. 2010)–which concerned a bankruptcy trustee's power in a pending bankruptcy action to avoid an unrecorded lien–does not support reconsideration here, where plaintiff, after obtaining a bankruptcy discharge, seeks to avoid a previously recorded deed of trust.  The creditor's right to foreclose on a lien passes through bankruptcy unaffected by the discharge of the debtor's personal liability.  *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991).

## CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration [Doc. No. 29] is **DENIED**.  However, as the court stated in its prior dismissal order, plaintiff is allowed leave to amend (except as to his fourth cause of action for violation of California Penal Code § 115.5).  Plaintiff may file an amended complaint no later than April 18, 2014.

**IT IS SO ORDERED.**

DATED:  March 21, 2014

_____
**CATHY ANN BENCIVENGO**
United States District Judge